Núm. 8684. — P. R. LUMBER Co., aplda. *v.* BARRETO ET AL., dmdados; HOPGOOD, Interventor, aplte.—C. D. San Juan. Cobro dinero (incidente de intervención). Abril 30, 1943.

(Por la Corte, a propuesta del Juez Asociado Sr. Todd, Jr.)

POR CUANTO, Philip D. Hopgood apela de una resolución dictada por la Corte de Distrito de San Juan que denegó su moción solicitando se dejara sin efecto la sentencia que ya había dictado desestimando su demanda de intervención en el caso núm. 39,520 sobre cobro de dinero entablada por *Puerto Rico Lumber Co., Inc.* v. *Antonio Barreto* y *Alfredo Casals.* La resolución apelada dice así:

"El día 14 de septiembre de 1942 declaramos con lugar la excepción previa a la demanda de intervención por no alegar dicha demanda que existe un embargo de los derechos del interventor. Dijimos además que de los propios autos tampoco aparece que existiera tal embargo.

"El interventor no radicó demanda enmendada durante el término que le fué concedido para ese fin, y a solicitud de la demandante se dictó sentencia el 15 de octubre de 1942 teniéndole por desistido de dicha demanda de intervención. El 3 de diciembre de 1942 solicitó el interventor se dejase sin efecto la sentencia, por haber descubierto el interventor que de los autos consta que se practicó un embargo de los derechos del interventor. En verdad que de los autos aparece que se dieron pasos para embargar cierto dinero del interventor. Ello, sin embargo, no puede curar los defectos de la demanda de intervención. Según apuntamos en nuestra resolución de septiembre 14, la demanda no alega hechos suficientes. No fué enmendada la demanda oportunamente, luego actuó correctamente la corte al dictar su sentencia de octubre 15 de 1942. Es cierto que podríamos dejar sin efecto la sentencia y permitir la radicación de la demanda enmendada que ofrece el interventor, pero no creemos que ello convenga a ninguna de las partes en vista de que, según expuso la demandante durante el argumento, existe ya ante esta Corte un recurso en que son partes todas las personas interesadas, y que es precisamente el adecuado para dirimir el conflicto que pretende plantear el interventor en este caso.

"Se declara sin lugar la moción del interventor."

POR CUANTO, habiendo hecho constar la corte inferior que existe ante ella otro recurso en que son partes todas las personas interesadas

en el dinero que reclama como suyo el interventor y que dicho recurso es el adecuado para dirimir el conflicto que pretende plantear el interventor, no abusó de su discreción dicha corte al denegar la moción para que se dejara sin efecto la sentencia dictada en este caso,

POR TANTO, se confirma la resolución apelada.